THE UNITED STATES DTSTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
THE TRIAL COURT

US DISTRICT COURT
DOCKET NO:

ESSEX,ss

SABRINA M WILLIAMS
Plaintiff
Plaintiff's Address:
200 Brookside Drive Unit C
Andover, MA 01810
Telephone: 256-457-2294
Email: Sm484@njit.edu
v.
AMAZON
Defendant
Amazon Headquarters
410 Terry Ave. N
Seattle, WA
98109

**AMENDED COMPLAINT FOR A CIVIL CASE**

SUBMITTED ON: 9-18-2023

The Nature of the Suit: Civil Rights/Employment

Cause of Action: The plaintiff asserts the following laws have been violated by the defendant:
1. General laws Part I Title XXI Chapter 151 Minimum fair wages Section 1: Oppressive and unreasonable wages
2. State labor law providing the minimum length of meal period
3. Title VII of the Civil Rights Act of 1964 per the Equal Employment Opportunity Commission Complaint # 523-2023-03421
4. *"Violation of Constitutional rights, namely first, fifth, and fourteenth amendment rights due to accusation without due process of law, etc."*

Claim: $75,000 as of approximately 28 weeks from plaintiff's start date of February 28,2023

Request/Claim/Relief Sought: The plaintiff requests to be paid the fair wage for the value of the services rendered as a Chemical Engineer and Engineering Manager. The value of services rendered by a Chemical Engineer/Engineering Manager is approximately $159,950 average annual wage per the Bureau of Labor Statistics, bls.gov. Prorated for the time the plaintiff was employed by the defendant (the plaintiff have been working for the defendant since February 28,2023 to current), the plaintiff seeks $75,000 as of (approximately) September 21,2023 and to be within a position which reflects the value of service rendered by the plaintiff.

Jurisdiction: The plaintiff (Massachusetts) and defendant (Washington) are citizens of diverse states (meeting diversity requirement) and the plaintiff seeks $75,000 for the value of service rendered between her start date on February 28,2023 to current.

1

Explanation of Request/Claim/Relief Sought: The plaintiff asserts that due to her education and experience, the value of the service rendered to Amazon exceeds the fair wage offered by Amazon to the plaintiff. As a result, the wage that Amazon is currently providing to the plaintiff is oppressive and unreasonable because it is both less than the fair and reasonable value of the services rendered by the plaintiff and less sufficient to meet the minimum cost of living necessary for health within the location that the plaintiff resides. MGLC 151 section 2 defines "fair wage", as a wage fairly and reasonably commensurate with the values of the service or class of service rendered. In establishing a minimum fair wage for any service or class of service under this chapter the commissioner without being bound by any technical rules of evidence or procedure (1) may take into account the cost of living and all other relevant circumstances affecting the value of the service or class of service rendered, (2) may be guided by like considerations as would guide a court in suit for the reasonable value of services rendered where services are rendered at the request of an employer in the absence of an express contract as to the amount of the wage to be paid, and (3) may consider the wages paid in the commonwealth for work of like or comparable character by employers who voluntarily maintain minimum fair wage standards. An oppressive and unreasonable wage" is a wage which is both less than the fair and reasonable value of the services rendered and less than sufficient to meet the minimum cost of living necessary for health.

The minimum cost of living necessary for health in the plaintiff's town of residency of Andover, MA is approximately $2601 reported by livingcost.org, which is in the top 4% of the most expensive cities in the world, ranked 326th out of 9294 in our global list, 279th out of 2202 in the United States, and 47th out of 92 in Massachusetts. When costs such as insurance, grocery, gas, clothing, education, utilities, etc. are factored into the minimum cost of living (considering the minimum income required in order to rent/mortgage in Andover, MA), the minimum cost of living necessary for health in the plaintiff's town of Andover increases to approximately $8219 per month. Given the wage that Amazon offers an Associate I, which is $17.75 per hour, the minimum (monthly) wage of an associate is approximately $2840. Thus, the minimum cost of living necessary for health for the plaintiff exceeds the minimum wage offered by Amazon for the Associate I position. The wage provided to the plaintiff by Amazon is not sufficient to meet the minimum cost of living necessary to maintain her health in the plaintiff's town. Therefore, the plaintiff asserts that the wage paid by Amazon towards the plaintiff is oppressive and unreasonable. MGLC 151 sec 2 states "it is hereby declared to be against public policy for any employer to employ any person in an occupation in this commonwealth at an oppressive and unreasonable wage as defined in section two, and any contract, agreement or understanding for or in relation to such employment shall be null and void."

The plaintiff's background includes a graduate of the Raytheon Rotational Engineering Leadership Development Program (RELDP) Class of 2013 and a graduate of the New Jersey Institute of Technology Master of Science (MS) Engineering Management Program in 2017. Her technical background is Chemical Engineering (MS, 2011) and Chemistry (Bachelors (BS), 2006 and BS, 2008) with current professional certification in Quality Auditing within the American Society for Quality (ASQ). The average annual wage for a Chemical Engineer was approximately $106,260 in 2022 (Bureau of Labor Statistics, bls.gov). The average annual wage for an Engineering Manager was $159,950 in 2022 (Bureau of Labor Statistics, bls.gov). The plaintiff asserts that she has been qualified for the Chemical Engineering and Engineering Management fields through her Master of Science (MS) degrees received from the New Jersey Institute of Technology (NJIT). Thus, the value of the service rendered by the plaintiff to the Fulfillment center (DTB9) located at Haverhill exceeds the fair wage offered by Amazon for the Associate

I position. And the minimum cost of living necessary for health for the plaintiff exceeds the minimum wage offered by Amazon for the Associate I position as previously stated. Therefore, the minimum wage paid for the role of Associate I to the plaintiff is an oppressive and unreasonable wage. As a result, the plaintiff has applied to may positions within Amazon. She applied to the following positions as an external candidate:

Sr. Hardware Reliability Engineer job ID 2386784
Customer Success Manager, Amazon Robotics, Fulfillment job ID 2391492
Product Design Engineer/ME , Blink job ID 2379869
Sr. Global Commodity Manager -Aluminum Castings & Hardware Components job ID 2398996
Retrofit Intake Project Manager, Retrofit Engineering & Program Management job ID 2392557
Hardware Development Manager, Advanced Manufacturing Engineering job ID 2392559
Manufacturing Test Engineer, Manufacturing Test and Controls -Care Products NPI job ID 2394117
 Sr Hardware Development Manager, Hardware Engineering -Manipulation job ID 2400323
Loss Prevention Manager job ID 2354621
Program Manager/Privacy, Ring Privacy Operations job ID 2388144

She has applied to the following positions as an internal candidate:

Systems QA Engineer, Blink (L5)
Job ID: 2421458
Senior Manufacturing Engineer, Advanced Manufacturing Engineering (L6)
Job ID: 2418267
Operations Manager (L6)
Job ID: 2333317
Area Manager (L5)
Job ID: 2333316

What would remedy the oppressive and unreasonable wage offered by Amazon to the plaintiff, would be a wage offered by Amazon to the plaintiff for the value of the service rendered by the plaintiff. On July 16, 2023, the plaintiff spoke with Human Resources regarding her interest in positions within Amazon and inquired about the unfairness in the hiring process.

On July 30, 2023, she also let human resources know about a specific position she was interested in, and for which she met the requirements (Job ID 233317) of the position. However, she was told by the hiring manager on August 10,2023 that although the position was posted online, all of the Level 6 (L6) positions at the newly opened North Andover Amazon facility were filled. She inquired why the posting would still be available even though the position was filled. He replied because the positions "are kept on the portal for unforeseen attrition situation to be able to backfill quickly since BOS3 is a launch". Also, when she asked "what was the selection criteria used for the candidate that was selected (deciding factors)", the hiring manager responded "For L6 roles in BOS3 launch we were looking for experienced Amazonians that spent at least 18 months in L5 role or 12 months plus in L6 role. Preference was given to leaders that already have experience in AR Sortable FCs (additional plus is GEN11 experience)." She

3

did not believe that there are any African American applicants located at the Haverhill facility that would have met the selection criteria described by the hiring manager.

On or about August 2, 2023, the plaintiff received an email from Human Resources Partner Allison Szarzynski, who made the following suggestions to help in her job search:

"1. You have applied to a variety of roles: Area Manager, Loss Prevention Manager, Project Management and Engineering. I strongly encourage you to refine your application process so that you're applying for similar roles (all engineering, all area manager, etc.) with only 1 or 2 outliers. When applicants submit numerous applications to different types of roles it can flag on the recruiting side and hinder your chances of landing an interview/job. So first, I would suggest spending some time to refine your job search to 1 or 2 types of roles you're passionate about." The plaintiff's response to her was the following: "I actually did try to target one or two roles. One was the Quality Assurance Engineer, Amazon Dash Carts (L4) Job ID: 2341451 Applied: Mar 31, 2023. But the job ended up getting cancelled."

"2. Once you have refined your job search, I would refine your resume. Your resume is most certainly impressive, though I would encourage you to trim it down to exclude roles/responsibilities you've held that don't correlate with the roles you are applying for. In addition, I would encourage you to add in specific metrics so Amazon can see the results you delivered. For example, you have, "Completed training for Raytheon Earned Valued Management Systems in effort to lower cost of material programs". This statement is vague in that it shows what you did, but not the results delivered. The plaintiff's response to her was the following: "To help with this, I have added keywords at the end of the resume that tailors specifically to the requisition of interest. While I don't mind tailoring my resume to each requisition, this may be extremely time consuming as I apply to multiple positions. Also, I don't want to limit my experience and/or create any GAPS within the timeline...."

"3. Lastly, when looking through the basic job qualifications and jobs you've applied to, it appears as though some qualifications are missing or not stated clearly in your resume. For example, you applied to Job ID: 2333317 which requires 3+ years of employee and management experience. While I do see some information on your resume regarding management experience, I do not see any timeframes/results tied with this experience." The plaintiff's response to her was the following: " In regards to the basic qualifications, I've added a few points to tailor to the requirements for employee and management. At Raytheon, a Senior Quality Engineer II position is actually equivalent to a manager position (Manager I or II etc.). Also, education counts as experience as well- so I am including my Engineering Management education as experience.." Ultimately, the plaintiff's Senior Quality Engineer II position from 2015 to 2019 at Raytheon Company qualified as the necessary 3+ years of employee and management experience. Also, the Master's of Science degrees counts towards technical experience.

Ms. Szarzynski let her know if she decided to edit her resume, she would be happy to review it. Her responses seemed to suggest that the reason the plaintiff was not being hired for positions that she had applied for was because of her resume. The plaintiff updated her resume incorporating the suggestions that were provided and there had not been any changes in the status of her applications. Applications either remained under consideration or were rejected since implementing the suggested changes to her resume.

The plaintiff also provided a copy of her updated resume, American Society for Quality Auditor Certification, Chemical Engineering and Engineering Management master's degree diploma/verification, and previous Raytheon paystub from 2019 for Ms. Szarzynski to review.

Despite her qualifications, she was not promoted to any of the positions to which she applied, nor have she been approached about any openings for which she is qualified. Some of the positions for which she applied are still open. For those which were filled, she did not know who filled them, nor does she know what their qualifications are, as that information is confidential. What she does know is that she met and/or exceeded the minimum requirements for the positions for which she have applied.

She is aware of numerous individuals at the facility in Haverhill where she works who have received promotions or lateral changes. These individuals are: Martin B (worked on the Driver side at the Haverhill facility, became a Level 5 manager on the Warehouse Side); Chris (a Process Assistant who received a lateral transfer to NH); Christina M (Operations Manager on the Warehouse side who became an Operations Manager on the Driver Side), Ross (filled Christina M.'s vacant position on the Warehouse side); Rich D. (a Level 5 Manager who received a lateral transfer to North Andover); Martin B. (a Manager on the Driver Side who filled Rich D.'s vacant position); Brian (a Level III Process Assistant who was moved to RME); and Samantha (an Associate Learning Assistant who was promoted to a Process Assistant). All of these individuals who have been promoted or moved are Caucasian (white).

On the contrary, there are Amazon employees who are African American who have applied to positions through the formal application process and their applications have remained under consideration for at least one year minimum without an interview or contact from Amazon regarding the positions applied.

The plaintiff believes that she is not being promoted because of her race and color (African American/Black). The selection criteria used to select/screen applicants doesn't allow for diversity of applicants. For instance, the selection criteria for the Level 6 positions at the North Andover facility would not allow for the acceptance of African American internal applicants. The plaintiff therefore charge Respondent with discriminating against her in violation of Title VII of the Civil Rights Act of 1964, as amended, and the applicable laws of the Commonwealth of Massachusetts.

<u>Other Incidents of law violation</u>: State labor law providing the minimum length of meal period

On or around 8/17/2023, Cristybeth C., an area manager in the department the plaintiff works in, was approached by the plaintiff regarding her schedule as she wanted to request to take time off. Cristybeth C. tells the plaintiff that she went over by one minute the week before and worked five hours and one minute. She told the plaintiff that she could not go over by that one minute over five hours. The plaintiff felt like when she was telling the plaintiff, she was harassing her regarding that one minute. Especially because Amazon has a 5-minute grace window for clocking in and out so long as 5 minutes is not exceeded. She told Cristybeth C. that she would talk to Human Resources about that one minute, which she did. She called Human Resources (HR) through Amazon A to Z and explained to them what happened with Cristybeth C. She then asked if she could return the money she earned for that one-minute back to the company. HR stated that they would call her back regarding the request. The next day HR never called me back. So she called HR and inquired about the call back that she was supposed to receive. They told the plaintiff that they would call her back after 48 hours. Forty-eight hours passed and HR still did not call her back regarding the issue. Then she called HR on 8/25/2023 regarding the

5

issue to find out if HR documented the issue. She was told by HR that the issue was not documented and there was no record.

<u>Furthermore, there was an instance (on a Sunday) where the plaintiff and another associate began work at 4:00am. They were both scheduled to work until 11:50am. The plaintiff had taken a half an hour lunch break per the requirements of the company. However, the other associate had not taken a lunch break at all. The plaintiff brought the issue to the manager's attention regarding the other associate not having taken a half hour break (not having punched out to rest). However, the associate was allowed to work the entire shift from 4:00am to 11:50am without clocking out to take a break. Thus, the associate was allowed by management to have violated the state labor law, which ultimately was unfair towards to the plaintiff as the plaintiff was told that she could not exceed five (5) hours not even by one minute without having taken a thirty (30) minute lunch break.</u>

On 8/25/2023, the plaintiff received an email from EEOC that it had made a decision. Hours later, the plaintiff received an email from Amazon rejecting her for the position of Sr. Product Mgr Tech HW, Blink Job ID: 2372912 . The plaintiff feels the rejection for the Sr. Product Mgr Tech HW (And those following) was a form of retaliation by Amazon. On 8/27/2023, the plaintiff have applied for Sr Hardware Development Manager, Hardware Engineering - Manipulation (L7) Job ID: 2428529 and Sr. Global Commodity Manager – Steel Pods, Metal Fabrication (L6) Job ID: 2413750. On September 5,2023, the plaintiff had an interview for a Hardware Process Quality Engineer position, Job ID:. However, the hiring manager told her that it would take 4 to 6 weeks to make a decision on the position. On September 7,2023, the plaintiff was rejected for the job. The position was a level 5.

The plaintiff was invited for an interview (phone screen) for the position of Hardware Development Manager, Advanced Manufacturing Engineering Job ID 2392559 with Amazon on September 18,2023. However, the plaintiff has yet been able to secure a qualifying position within Amazon.

On October 8,2023, briefly after the plaintiff arrived at work, her (former) manager at DTB9, Jeff B., approached her and asked her to follow him to the human resources (hr) office. Then another manager, Vanessa I., entered the room and commenced to speak to the plaintiff. She mentioned that the day prior, October 7,2023, The plaintiff was seen by Jeff B., walking with papers in her hand, which she then mentioned as 'fliers'. At that point, the plaintiff sensed that her Constitutional Rights were being violated and requested if she could (1) end the conversation, (2) respectfully leave the room, and (3) return, if there was any concern, with an attorney as she sensed that she was being accused. She was permitted to leave. Later on that day, Vanessa I. approached the plaintiff once again to request to speak to her a second time, one on one. The plaintiff agreed. She then proceeded to tell the plaintiff what was told to her earlier when Jeff B., she, and the plaintiff were in the hr room. At that point, the plaintiff requested to (1) discontinue the conversation and (2) have an attorney discuss the situation at a later time, if approached by hr regarding the issue.

The next day, on October 9,2023, briefly after the plaintiff arrived at work, another manager, Ross P., approached her and asked her to follow him into an office. The plaintiff quickly declined and requested if he can speak to her attorney. He escorted the plaintiff to a room with hr representative, Allison S., sitting at the desk with her laptop. The plaintiff quickly requested (1) to be allowed to leave and (2) if they would speak to her attorney regarding any issue they had. In addition, the plaintiff mentioned that her request was fair and that she was not violating any policy in her request. She was allowed to leave.

Amazon must respect employees' Constitutional Rights. Specifically:

(1) "the FIRST AMENDMENT prohibits punishment without due process of law and provides that an accused person may not be compelled to reveal to the police, prosecutor, judge, or jury" (in this case, Amazon management) "any information that might incriminate or be used against him or her in a court of law." For Amazon management to interrogate the plaintiff without having due diligence or due process of law violates the plaintiff's first amendment right.

(2) The Ninth Amendment (1791) declares that individuals have other fundamental rights, in addition to those stated in the Constitution. This includes the Right to Privacy. The plaintiff's ninth amendment right was violated when she was accused of walking with "fliers" in her hand. Amazon management violated the plaintiff's ninth amendment right as they did not perform due diligence or due process of law to ensure that the plaintiff was not being falsely accused. For instance, due diligence or due process of law could have been performed by reviewing camera footage of the plaintiff to provide factual information as justification prior to interrogation of the plaintiff of an accusation. However, there was no factual information presented to the plaintiff supporting Amazon management's accusations. Thus, the plaintiff has the right to privacy, which ensures that so long as the plaintiff had not violated the privacy rights of another Amazon employee, the plaintiff's right to privacy also ought not to be violated.

(3) Lastly, the Fourteenth Amendment declares that a state shall not violate a citizen's privileges or immunities; shall not deprive any person of life, liberty, or property without due process of law; and must guarantee all persons equal protection of the laws." By not performing due diligence or due process of law, Amazon management violated the plaintiff's fourteenth amendment right on October 8,2023.

Any actions by Amazon management for what they assumed to be 'fliers' in the plaintiff's hands that violate the plaintiff's Constitutional Rights are prohibited per General Law-Part IV Title I, Chapter 265, Section 37 Civil Rights CRIMES AGAINST THE PERSON; VIOLATIONS OF CONSTITUTIONAL RIGHTS; PUNISHMENT and/or Title 18 USC Section 242. If the plaintiff has not violated anyone else's constitutional rights, her constitutional rights in return should not be violated. For these reasons stated above, the plaintiff further supports the complaint against Amazon filed requesting to be paid the fair wage for the value of the services rendered as a Chemical Engineer and Engineering Manager.

SIGNED UNDER THE PENALTIES AND PAIN OF PERJURY THIS 10TH DAY OF OCTOBER, 2023
Signature:

*[signature]*

PLAINTIFF'S ADDRESS: 200 BROOKSIDE DRIVE UNIT C ANDOVER MA 01810

DATE: 10-10-2023

THE UNITED STATES DTSTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
THE TRIAL COURT

US DISTRICT COURT
DOCKET NO:

ESSEX,ss

SABRINA M WILLIAMS
Plaintiff
Plaintiff's Address:
200 Brookside Drive Unit C
Andover, MA 01810
Telephone: 256-457-2294
Email: Sm484@njit.edu
v.
AMAZON
Defendant
Amazon Headquarters
410 Terry Ave. N
Seattle, WA
98109

## CERTIFICATE OF SERVICE

## AMENDED COMPLAINT FOR A CIVIL CASE

SUBMITTED ON: 10-10-2023

I hereby that I have delivered a copy to the defendant via US Post Mail at:

Amazon Headquarters
410 Terry Ave. N
Seattle, WA
98109

Signature: [signed]
Print Name: Sabrina M Williams
Street Address: 200 Brookside Drive Unit C
Town: Andover
State: MA
Zip: 01810
Tele No: 256-457-2294
DATE: 10/8/2023