IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SABRINA M. WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>AMAZON,<br><br>            Defendant. | Civil Action No.  1:23-cv-12122-AK |

### AMAZON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS 1, 2, AND 4 OF PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Amazon.com Services LLC[1] ("Amazon" or "Defendant") hereby submits its Memorandum of Law in Support of its Motion to Dismiss Counts 1, 2, and 4 of Plaintiff Sabrina M. Williams's ("Plaintiff") Amended Complaint, with prejudice.  In Count 1, Plaintiff alleges that Amazon violated "General laws Part I Title XXI Chapter 151 Minimum fair wages Section 1:  Oppressive and unreasonable wages."  In Count 2, Plaintiff alleges that Amazon violated the "[s]tate labor law providing the minimum length of meal period."  In Count 4, Plaintiff alleges "'*Violation of Constitutional rights, namely first, fifth, and fourteenth amendment rights due to accusation without due process of law, etc.*'"[2] (quotation marks and italics in original).

The Court should dismiss Count 1 because Amazon pays Plaintiff $17.75 per hour, more than 18% above the current Massachusetts minimum wage of $15.00 per hour, and Courts have

---

[1] Plaintiff identifies "Amazon" as the Defendant in this action, but there is no legal entity by that exact name.  The docket lists "Amazon INC" as Defendant, but there is no legal entity by that exact name either.  The precise name of Plaintiff's employer is "Amazon.com Services LLC", and Defendant presumes that is the entity Plaintiff intended to name in this litigation.

[2] Elsewhere in her Amended Complaint, Plaintiff makes reference to an alleged violation of the Ninth Amendment to the United States Constitution.

305788319v.1

held that, as a matter of law, a wage is not "oppressive and unreasonable" when the wage is at or above the established minimum wage. The Court should dismiss Count 2 because Plaintiff's claim that a colleague "was allowed to work the entire shift from 4:00am to 11:50am without clocking out to take a break" does not state a violation of the Massachusetts meal break statute. *See* M.G.L. c. 149, § 100. Finally, the Court should dismiss Count 4 because there is no direct cause of action available under the U.S. Constitution against a private, non-state actor such as Amazon, and the Amended Complaint does not contain any facts plausibly suggesting that the conduct of which Plaintiff complains is attributable to the state.

## PROCEDURAL BACKGROUND

Plaintiff filed a three-count Complaint in the District of Massachusetts on September 18, 2023. Dkt. 1. Amazon was served with the Summons and Complaint on September 25, 2023. Dkt. 7. Plaintiff filed a four-count Amended Complaint on October 10, 2023. Dkt. 9. Plaintiff served the Amended Complaint on Amazon on October 17, 2023. *See* Exhibit A (record of Amazon's receipt of the Amended Complaint).

## RELEVANT FACTUAL BACKGROUND

Amazon employs Plaintiff as an Associate I in its fulfillment center in Haverhill, Massachusetts, and it pays her $17.75 per hour in that role. Dkt. 9 ("Compl."), p. 2.[3] Plaintiff has a Master of Science in Chemical Engineering (2011) and a Master of Science in Engineering Management (2017) from the New Jersey Institute of Technology. *Id.* Plaintiff lives in Andover, Massachusetts. *Id.* Plaintiff estimates that the "minimum cost of living necessary for health" in Andover is $8,219 per month. *Id.* Plaintiff alleges that "the minimum cost of living

---

[3] Plaintiff's Amended Complaint does not contain numbered paragraphs setting forth her claims as required under Fed. R. Civ. P. 10(b). As a result, Amazon cites the pages of Plaintiff's claims instead of the paragraph numbers.

necessary for health for the plaintiff exceeds the minimum wage offered by Amazon for the Associate I position." *Id.*

Plaintiff further alleges that during a Sunday shift (no date provided) when she was scheduled to work from 4:00 a.m. until 11:50 a.m., another associate "was allowed to work the entire shift [] without clocking out to take a break." Compl., p. 6. Plaintiff claims that Plaintiff took a half-hour lunch break "per the requirements of the company" and that it was "unfair" that her colleague was allowed to work through lunch when Plaintiff had previously been counseled against working "one minute" more than her scheduled shift time. *Id.*, pp. 5-6.

Finally, Plaintiff alleges that, on October 8, 2023, two managers tried to speak with her about "fliers" that one of the managers had seen her carrying the prior day. Compl., p. 6. Plaintiff claims that she asked to end the conversation and to return with an attorney "if there was any concern." *Id.* Plaintiff states that she "was permitted to leave" at that point. *Id.* Plaintiff claims that one of the two managers asked to speak with her one-on-one later that same day and that Plaintiff "agreed." *Id.* When the manager tried to continue the earlier conversation, Plaintiff allegedly asked to end the conversation and to "have an attorney discuss the situation at a later time, if approached by hr [*sic*] regarding the issue." *Id.* According to Plaintiff, the following day, October 9, 2023, a different manager "asked her to follow him into an office." Plaintiff claims that she "quickly declined and requested if he can speak to her attorney." *Id.* Plaintiff claims that the manager "escorted [her] to a room" where a human resources employee was present. *Id.* Plaintiff alleges that she "quickly requested (1) to be allowed to leave and (2) if they would speak to her attorney regarding any issue they had." *Id.* Plaintiff allegedly "was allowed to leave" at that point. *Id.*

**ARGUMENT**

I. **THE COURT MUST DISMISS COUNT 1 BECAUSE AMAZON PAID PLAINTIFF MORE THAN THE STATUTORY MINIMUM WAGE AT ALL TIMES**

In Count 1, Plaintiff alleges that Amazon violated the Massachusetts Minimum Fair Wage Law (M.G.L. c. 151, § 1) by paying her an "oppressive and unreasonable" wage. However, Amazon pays Plaintiff $17.75 per hour, greater than 18% above the current Massachusetts minimum wage ($15.00). Plaintiff alleges that Amazon should have to pay her "the fair wage for the value of the services rendered as a Chemical Engineer and Engineering Manager" because of her purported education and experience, despite the fact that Amazon does not employ Plaintiff in either role. Compl., pp. 2, 7.

Plaintiff does not allege that Amazon ever paid her less than the statutory minimum wage. Accordingly, the Court must dismiss this claim because under Massachusetts law, "[t]he fact that a wage is not below any established minimum is **conclusive** that the wage is also not 'oppressive and unreasonable'" in violation of M.G.L. c. 151. *See Costello v. Whole Foods Mkt. Grp., Inc.*, No. 16-10673-GAO2016 WL 4186927, at *3 (D. Mass. Aug. 8, 2016) (quoting *Robinson v. Pine Grove Cemetery Corp.*, 162 N.E.2d 16, 17 (Mass. 1959)) (emphasis added).

Like Plaintiff, the *Costello* plaintiff tried to advance the "novel theory" that "a wage rate higher than the established minimum wage may nonetheless be 'oppressive and unreasonable' in particular circumstances." *Costello*, 2016 WL 4186927, at *3. The *Costello* Court rejected the plaintiff's theory and dismissed the case. *Id.* The Court held that "from the very beginning," courts have interpreted M.G.L. c. 151 "to enforce the minimum wage standards that are statutorily or administratively set, but not to permit ad hoc, case by case inquiries into what might be 'oppressive and unreasonable' in varying circumstances." *Id.* The *Costello* Court

explained that that because the plaintiff's wage was "always at or above the established minimum wage," the wage "could never have violated" M.G.L. c. 151. *Id.* The same result should enter here, and the Court should dismiss Plaintiff's M.G.L. c. 151 claim because she does not allege that Amazon ever paid her less than the statutory minimum wage.

**II.  THE COURT MUST DISMISS COUNT 2 BECAUSE MASSACHUSETTS EMPLOYERS ARE NOT REQUIRED TO COMPEL EMPLOYEES TO TAKE MEAL BREAKS**

In Count 2, Plaintiff alleges that Amazon violated the "[s]tate labor law providing the minimum length of meal period." In relevant part, M.G.L. c. 149, § 100 reads: "No person shall be required to work for more than six hours during a calendar day without an interval of at least thirty minutes for a meal."

Plaintiff does not allege that Amazon ever required her to work for more than six hours without providing an opportunity for a 30-minute meal break. Thus, she does not state a claim for violation of the statute. In fact, Plaintiff claims the opposite: she claims that Amazon required employees to take a half-hour lunch break and that she did so. *See* Compl., p. 6 ("The plaintiff had taken a half an hour lunch break per the requirements of the company."). Plaintiff complains that a colleague "was allowed to work the entire shift from 4:00am to 11:50am without clocking out to take a break. Thus, the associate was allowed by management to have violated the state labor law…" *Id.* Plaintiff misunderstands the law – Amazon is not required to compel employees to take meal breaks. *See* M.G.L. c. 149, § 100. Moreover, even if Amazon violated the meal break law as to Plaintiff's colleague (which is not alleged and it did not do), Plaintiff lacks standing to bring a claim on behalf of her colleague. The Court should dismiss Plaintiff's claim under M.G.L. c. 149, § 100 because she does not articulate any facts that, taken as true, would demonstrate that Amazon violated any of her rights under the meal break statute.

### III. THE COURT MUST DISMISS COUNT 4 BECAUSE AMAZON IS NOT A "STATE ACTOR"

In Count 4, Plaintiff purports to assert claims under the Federal Constitution, specifically alleging "'*[v]iolation of Constitutional rights, namely first, fifth, and fourteenth amendment rights due to accusation without due process of law, etc*'" (quotation marks and italics in original). Plaintiff claims that Amazon violated the First Amendment on October 8, 2023 when it "interrogate[d] [her] without having due diligence or due process of law…" Compl., p. 7. She claims that Amazon violated the Ninth Amendment "when she was accused of walking with 'fliers' in her hand." *Id.* Finally, Plaintiff claims that Amazon violated the Fourteenth Amendment "[b]y not permitting due diligence or due process of law" on October 8, 2023. *Id.* Plaintiff does not make any specific factual allegations as to Amazon's purported violation of the Fifth Amendment.

These claims are fatally deficient because Amazon is a private corporation – not a governmental actor – and the Supreme Court of the United States "has long held that the United States Constitution applies only to actions by governments and their employees." *Tynecki v. Tufts Univ. Sch. of Dental Med.*, 875 F. Supp. 26, 30 n.5 (D. Mass. 1994) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)). Moreover, there is no direct cause of action available under the U.S. Constitution. Claims asserting Federal constitutional violations must be brought under 42 U.S.C. § 1983. *See McEntee v. Beth Israel Lahey Health, Inc.*, No. 22-CV-11952-DLC, 2023 WL 4907617, at *3 (D. Mass. Aug. 1, 2023) (granting Rule 12(b)(6) motion to dismiss constitutional claims against private employer, and holding "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983"). Plaintiff asserts no claim under § 1983. Even if she had, her claim would fail.

To make out a claim under § 1983, as under the U.S. Constitution, Plaintiff must show state action. *See Jarvis v. Vill. Gun Shop, Inc.*, 805 F.3d 1, 8 (1st Cir. 2015). Where, as here, the defendant is a private corporation and not a governmental entity, "it is only in **rare circumstances** that private parties can be viewed as state actors." *Manning v. Whole Foods Mkt. Grp., Inc.*, No. 21-CV-10833-ADB, 2022 WL 194999, at *4 (D. Mass. Jan. 21, 2022) (citing *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005)) (emphasis added) (internal quotations omitted). "The First Circuit looks to three tests to determine if a private party fairly can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test." *Manning*, 2022 WL 194999, at *4.

Pursuant to the state compulsion test, "a private party is fairly characterized as a state actor when the state 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State'." *Manning*, 2022 WL 194999, at *4 (quoting *Estades-Negroni*, 412 F.3d at 5). Under the nexus/joint action test, "a private party can be held to be a state actor where an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]'." *Id.* Finally, under the public function test, "a private party is viewed as a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State'." *Id.*

The Amended Complaint does not allege that Amazon is a state actor, nor does it contain any facts plausibly suggesting that the conduct of which Plaintiff complains is attributable to the state under any of the three tests. At bottom, Plaintiff claims that three managers tried to meet

with her on three different occasions between October 8 and 9, 2023, and that when Plaintiff asked to leave each meeting, Amazon allowed her to leave. In sum, the Court must dismiss Plaintiff's Constitutional claims because there is no direct cause of action available under the U.S. Constitution, the Constitution does not apply to non-state actors such as Amazon, and the Amended Complaint does not contain any facts plausibly suggesting that the conduct about which Plaintiff complains is attributable to the state under any available theory.

## CONCLUSION

For the foregoing reasons, the Court should grant Amazon's Motion and dismiss Counts 1, 2, and 4 of Plaintiff's Amended Complaint with prejudice.

DATED: October 31, 2023

Respectfully submitted,

DEFENDANT
AMAZON.COM SERVICES LLC

By its Attorneys,

/s/ *Emily J. Miller*
Daniel B. Klein, BBO No. 638059
dklein@seyfarth.com
Emily J. Miller, BBO No. 705662
emmiller@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, Massachusetts  02210-2028
Telephone:  (617) 946-4800
Facsimile:   (617) 946-4801

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2023, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated below.

Sabrina M. Williams
200 Brookside Drive, Unit C
Andover, MA 01810
sm484@njit.edu
*Pro Se*

/s/ *Emily J. Miller*
Emily J. Miller

305788319v.1